**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JENNIFER LUCKETT**                                                          **PLAINTIFFS**

**V.**                                          **CAUSE NO.   3:18-cv-00275-HTW-LRA**

**ALLSTATE INDEMNITY COMPANY BARRY MAKAMSON and
WILBUR JORDAN**

                                                                  **DEFENDANTS**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

COMES NOW, Plaintiff, Jennifer Luckett, pursuant to 28 U.S.C. § 1332(a)(1), by and through her attorney of record, and files this her Memorandum in Support of Motion for Remand, and in support thereof, would show the Court the following, to-wit:

**A.     Statement of Facts**

The Holmes County Circuit Court case *2016-0068* was dismissed by the State Court on April 3, 2018, without prejudiced well within the statute of limitations. The fact that the Defendants have mention that case has nothing to do with the removal and remand, and is mentioned only to cloud the issue and to prejudice the Plaintiff.

The plaintiff's complaint arises out of the denial of her fire loss claim which she submitted under a renter's insurance policy.  The denial letter is attached hereto as Exhibit "A".  The claim was denied because the defendant, Barry Makamson, committed fraud.  Makamson sold Plaintiff Luckett a renter's insurance policy but knowingly, willfully, purposefully, or recklessly prepared the application. He also waived his right to inspection of the value of the contents of the property located on the insured premises, in order to affect a denial of a claim. This waiver is located on the application. The application is here attached hereto as Exhibit "B".  According to the sworn affidavit of Jennifer Luckett, attached hereto as Exhibit "C", Barry Makamson is the owner of Barry Makamson Allstate Insurance Agency who sold her a rental policy.  The insurance application waws

taken over the phone via an employee of Barry Makamson AllState Insurance Agency.  The plaintiff was never asked to come in and review the policy with anyone from the Barry Makamson AllState Insurance Agency.

Furthermore, as Plaintiff understood, Barry Makamson signed a wavier for the inspection of Plaintiff's residence. The wavier can be seen in the application. Plaintiff also contends that she answered all questions truthfully to her knowledge, and that any deviations in material fact were due to the negligence of Barry Makamson and his staff. Barry Makamson never attempted to inventory the property, which seems to be the basis of Defendant's denial of honoring the policy that he enticed Plaintiff to enter. Makamson fraudulently enticed Plaintiff by assuring her that she was covered by the policy, even though he had not exercised the correct avenues to establish proper coverage.

A similar situation happened in *Kirkland v. Prudence Mut. Casualty Co.*, 186 So. 2d 485 (Miss. 1966) where the insurer took it upon himself to make rough estimates of a mans income instead of calculating a correct "value". The court held "the same rule applies where the agent who undertakes the preparation of the application, fills in incorrect answers without asking the applicant the questions. The basis of the rule is that the insurer is estopped from pleading the provisions of the policy which provide that it should be void if the questions are not correctly answered in the application;  or, as it is otherwise said, the insurance company waives the right to rely on a violation of the terms of the policy" Plaintiff should not be held accountable for the mistakes of the Defendants.

I.      **Legal Argument**

B.      **There are valid state claims on which the Plaintiff can recover. As a result, the legal theory of fraudulent joinder would not apply.**

The case of *Jefferson Life & Cas. Co. v. Johnson*, 238 Miss. 878, 883, 120 So.2d 160, 162

(1960) set forth our precedential rule as it pertains to insurance applications, to-wit:

> The rule is well established in this State that where the agent of an insurance company undertakes the preparation of an application for insurance, and by mistake or omission, fails to correctly write down the answers to questions propounded to the applicant, the company will be bound by the knowledge acquired by the agent just as if the agent had correctly written the answers in the application.

Wilbur Jordan acted negligently in handling of the claim in denying said claim "based on a policy provision that was not applicable." Plaintiff was penalized for "estimating the value" of the property lost in the fire as requested by Wilbur Jordan. "Value", is a estimation which is relative to each individual, Plaintiff was not asked to state actual cost of the property lost. Plaintiff was also required, ex post facto, to prove the legality of her occupation of the property. Defendant Wilbur Jordan has failed to even show an illegal occupation, but denied based on those grounds. Furthermore, it is a logical fallacy that he could possibly calculate the worth of the property as no agent of Allstate ever visited the property in its pre-fire condition.

Furthermore, the defense submits the arguement that both in-state defendants were joined fraudulently. The Supreme Court has stated: "Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith: *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544 (1914) This lawsuit which is the action hereby removed, alleges that Wilbur Jordan and Barry Makamson are citizens of Mississippi and their citizenship should not be disregarded for the following reasons. (1) Neither of these defendants is fraudulently joined, and (2) plaintiff is entitled to recovery against them.

In the case of <u>Fed. Ins. Co. v. Tyco Int'l Ltd.</u>, 422 F. Supp. 2d 357, 360 (S.D.N.Y. 2006), the Court held:

> In order to show that naming a non-diverse defendant is a '*fraudulent joinder*' effected to defeat diversity, the defendant must demonstrate, by *clear and convincing evidence*, either that there has been outright fraud committed in the plaintiff's pleadings or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in a state court.

The complaint is clear as to the allegations asserted against the defendants. Plaintiff alleges state claims against Barry Makamson and Wilbur Jordan of (1) fraud, (2) negligence, and (3) gross negligence . The complaint alleges sufficient facts to support either of these theories of recovery. The 5th Circuit has held when evaluating fraudulent joiner that "we do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). Mr. Jordan was an employee of Allstate and was grossly negligent in the handling of the Plaintiff's claim, and the denying of the Plaintiff's claim. "Where charges of fraudulent joinder are used to establish this jurisdiction, the removing party has the burden of proving the claimed  fraud." *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98 (5th Cir.), cert. denied, U.S., 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).The defendant has failed to prove fraudulent joinder with certainty. *Couch v. Astec Indus., Inc.*, 71 F.Supp.2d at 1146-47.

## II.     There is good cause shown as to why Defendants were not served within 120 days. However, the statute of limitations has not yet run out on the claim so the option to file another complaint is available.

While rule(4)(h) does allow dismissal after more than 120 days, it also allows extensions if plaintiff can show good cause as to why the summons was not served. In this case there is an obvious good cause reason why Makamson was not served, and that is because of the lack of care by the Leflore County Sheriff's Department. Our Mississippi Supreme Court has stated that "good cause

4

is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis." *Holmes v. Coast Transit Auth*., 815 So. 2d 1183, 1186 (Miss. 2002). It is clear in our case that timely service was because the Leflore County Sheriff's department (the process server)  failed to execute their duty. The Supreme Court has "held that the rule should not be used to 'penalize plaintiffs who demonstrate reasonable diligence' in effecting timely service on the defendant". *Id.* Plaintiff has stayed in constant contact with Leflore County Sheriff's Department and attached is a letter explaining their fault. A copy of the letter from the Leflore County Sheriff Department is attached hereto as exhibit "D".

In closing, there is nothing in the application for the insurance policy that would lead to the misrepresentation of material fact as laid out in the denial letter.    This is a classic case of "post-claim underwriting".  Allstate was on obvious notice that it was a rental property, and at no point demanded proof of a rental agreement. Allstate was obviously happy with the status quo, until it came time for them to complete their side of the bargain.

Plaintiff, after filing the notice of remand, will give and is giving notice to the Defendant and to the Circuit court of Holmes County Mississippi, and is further filing a copy of this notice with said clerk.

The Plaintiff reserves the right to supplement this motion to remand by adding any jurisdictional grounds or defenses which may support a basis for remand.

III.    **CONCLUSION**

Based on the aforementioned, this Honorable Court lacks jurisdiction.  Therefore, it must remand this action to state court.

WHEREFORE PREMISES CONSIDERED the Plaintiff requests that this Court grant Plaintiff's *Motion to Remand* and issue its order as follows:

(a)    remanding this action to state court;

(b)    requiring the Defendant AllState to pay just costs, and acutal expenses, including attorney's fees, incurred by the Plaintiff as a result of the removal; and

( c )     any other general or specific relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

JENNIFER LUCKETT

BY:_____ s/ *Larry Stamps*_____

LARRY STAMPS, MSB # 7773
ATTORNEY  FOR  PLAINTIFF

OF COUNSEL:

STAMPS & STAMPS
ATTORNEYS AT LAW
POST OFFICE BOX 2916
JACKSON, MISSISSIPPI 39207-2916
269 EAST PEARL STREET
JACKSON, MISSISSIPPI 39201
TELEPHONE:  (601) 354-4747

CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Robert Stephenson, Esq.
WILKINS PATTERSON SMITH PUMPHREY AND DOTY, P.A.
4735 Old Canton Road [39211]
Post Office Box 13429
Jackson, Mississippi 39236-3429
Email: bstephenson@wilkinspatterson.com

THIS the 7th  day of June, 2018.

BY: _____ s/  Larry Stamps_____
ATTORNEY FOR PLAINTIFF

6