**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

JENNIFER LUCKETT                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NO. 3:18-cv-00275-HTW-LRA**

**ALLSTATE INDEMNITY COMPANY,
BARRY MAKAMSON and WILBUR JORDAN**                          **DEFENDANTS**

---

**MEMORANDUM BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND, AND ALTERNATIVE MOTION TO ENJOIN**

---

COME NOW, the Defendant, Allstate Insurance Company, by and through counsel, and file this Memorandum Brief in Opposition to Plaintiff's Motion to Remand, and in support thereof, would show unto the Court the following:

**I.        INTRODUCTION AND PROCEDURAL HISTORY**

In order for the Court to be fully apprised regarding the case, a full description of the history of the case, including the fact that the Plaintiff has filed two separate lawsuits (both of which were removed by the Defendant), is in order. This full description is required, not to cloud the issues or prejudice the Plaintiff, but so the Court can be fully informed in the premises.

The present case arises out of a fire loss which occurred on June 9, 2015, at what was purported to be the Plaintiff's rental property located in Durant, Holmes County, Mississippi. As a result of the fire loss the Plaintiff made a claim against Allstate Indemnity Company for the loss including contents. The claim was investigated and it was found that the Plaintiff had misrepresented that she was renting the subject property and had actually moved into the residence without the owner's permission. In addition, after the claim was made, she misrepresented her

financial condition, overstated the value of the property damage and failed to provide Allstate with requested documents. All of this led to the denial of her claim.

On March 11, 2016, Plaintiff filed her original Complaint against Allstate Insurance in Holmes County, Mississippi in Cause No. 2016-0068, (hereinafter referred to as the "first Complaint" or "first cause of action"). In this first Complaint she sought to recover benefits under a policy of insurance for the fire loss and for alleged bad faith damages against the Defendant Allstate Insurance due to the denial of the claim.

On April 26, 2016, Allstate removed this first cause of action to the United States District Court for the Southern District of Mississippi in Civil Action No. 3:16CV307 TSL-RHW. In response and so that the case would be remanded to state court, the Plaintiff filed her sworn Affidavit certifying that she would not accept any award greater than $75,000.00, and that her Complaint did not seek an award of damages in excess of $75,000.00. On June 3, 2016, the first Complaint was remanded to the Circuit Court of Holmes County, Mississippi based upon Plaintiff's damages attestation.

After remand of the first Complaint to Holmes County, the Plaintiff filed her First Amended Complaint naming Allstate Indemnity Company as a party Defendant. Allstate answered denying the allegations in the Complaint. The parties then began discovery in the case.

In spite of the fact that the first Complaint was in litigation, the Plaintiff filed a second Complaint in the Circuit Court of Holmes County, Mississippi, on August 25, 2017, now naming two (2) individuals, Barry Makamson ("Makamson") and Wilbur Jordan ("Jordan"), identified by Plaintiff as agents, employees, and servants of Defendant Allstate. This Complaint (Cause No. 2017-0200, hereinafter referred to as the "second Complaint" or "second cause of action") asserted the same factual allegations and claims against Defendant Allstate contained in the first Complaint.

On November 6, 2017, the Plaintiff filed a motion to dismiss her first Complaint without prejudice. She claims in the motion that she and her counsel had reached an impasse and the attorney/client relationship was irrevocably broken. The Court granted her motion to dismiss on March 27, 2018, without prejudice.

At the time of the commencement of the second cause of action in the state court, Plaintiff was an adult resident citizen of Holmes County, Mississippi. Defendant, Allstate Indemnity Company, was and is an insurance company which is incorporated in the state of Illinois and which has its principal place of business in the state of Illinois. Allstate Indemnity Company is duly licensed in the state of Mississippi. Defendants Makamson and Jordan are Mississippi residents. The Complaint filed in this second cause of action did not specify an amount of damages sought.

As noted above, the Plaintiff had previously sworn to this Court in the first cause of action that she would seek no more than $75,000.00 in damages. This being her sworn testimony and the basis of the previous remand, Allstate propounded requests for admissions in the second cause of action on April 2, 2018, asking whether she was seeking more than $75,000.00 in damages. The Plaintiff served responses to the requests for admissions on April 17, 2018, and asserted that she was indeed seeking more than $75,000.00 in damages in this second cause of action even after she swore to this Court that she would not seek such an amount.

On April 30, 2018, Allstate filed its Notice of Removal on multiple grounds. The Notice of Removal states that the minimum amount in controversy was met and that all properly joined parties were diverse. The notice acknowledges that both Makamson and Jordan are citizens of Mississippi but states that each is fraudulently joined for multiple reasons, including the lack of specific allegations against them within the second Complaint. Additionally, the Notice states that

the Defendant Makamson was not properly served and should be dismissed. The Notice also states that Defendant Jordan has never been served and should be dismissed.

On June 7, 2018, the Plaintiff filed her Motion to Remand. In the motion she asserts that both Makamson and Jordan are properly joined, were both properly served with process and since they were included as Defendants in the case at bar, diversity jurisdiction is lacking, and the case should be remanded to state court. However, as shown below, these individual Defendants have not been properly served and, even if they were properly served, they are fraudulently joined and therefore there is complete diversity.

## II.     LAW AND ARGUMENT

### A.     Resident Defendant is Fraudulently Joined If Complaint Against That Defendant Does Not Comply With Federal Pleading Standard.

"Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist. However, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "[T]he [district] court has the obligation to determine whether a plaintiff has improperly joined a party that defeats federal diversity jurisdiction." *Flagg*, 819 F.3d at 136.

To determine whether a party is fraudulently joined, the district court is to determine whether there is a possibility of recovery against the in-state defendant. *Id.* In evaluating fraudulent joinder, the Court may pursue one of two options. First, the Court may evaluate whether the plaintiffs' complaint states a valid claim against the resident defendant under the federal pleading standards set forth in Fed. R. Civ. P. 8. *See International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

Second, the Court may exercise its discretion to pierce the pleadings and consider outside evidence to evaluate whether a plaintiff has a claim against the resident defendant. A court may choose to use either of these two analyses but must use one and only one of them, not neither or both. *International Energy Ventures Management, L.L.C.*, 818 F.3d at 207. Jurisdictional facts are determined at the time of removal and the district court "must examine the plaintiff's possibility of recovery against the defendant **at the time of removal**." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (emphasis of the Court).

The Fifth Circuit has held that the 12(b)(6) analysis utilized in evaluating fraudulent joinder "incorporates the **federal** pleading standard articulated in *Bell Atlantic Corp. v. Twombly.* . . ." *International Energy*, 818 F.3d at 200 (emphasis by Fifth Circuit). Under the *Twombly* standard, "[a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face." *See Intentional Energy*, at 200, fn. 15 (citing case law quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

### B. The Plaintiffs' Complaint Does Not Comply With Heightened Federal Pleading Standard Under Fed. R. Civ. P. (8) and (9).

Fed. R. Civ. P. 8(a) sets forth the pleading requirements to state a valid cause of action. Rule 8 states that a pleading must state a claim for relief which contains a "short and plain statement of the claim showing that the pleader is entitled to the relief." Following the United States Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007), courts have recognized that the pleading requirements of Rule 8 have "shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than a possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009). *See also In re Morey*, 2012 WL 369486 (Bankr. S.D. Miss. Feb. 3, 2012); and *Noatex Corp. v. King Constr. of Houston,*

*LLC*, 2013 WL 12241279 at *1 (N.D. Miss. Feb. 13, 2013) (observing that the *Twombly* "'plausibility' standard raises the fair notice standard to a heightened pleading standard requiring that factual allegations be more than mere labels and conclusions and a formulaic recitation of the elements of a cause of action.").

To survive a 12(b)(6) motion, a complaint must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "**Threadbare recitals** of the elements of a cause of action, supported by mere conclusory statements, **do not suffice**." *Iqbal*, at 678 (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The allegations of the complaint must have "nudged [the] claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 569. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). In *Iqbal*, the plaintiff alleged that the defendants "'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement . . . ." 556 U.S. at 680. The United States Supreme Court held that these are mere "bare assertions" which amount to a "formulaic recitation of the elements" of the claim. *Id.* at 681. The Court held that the "allegations are conclusory and not entitled to be assumed true." *Id.*

The Plaintiff's Complaint includes nothing more than threadbare recitals of the elements of various causes of actions and collectively refers to all defendants throughout these conclusory portions of the complaint. As noted above, "[t]hreadbare recitals of the elements of a cause of action" do not meet the pleading requirements of Fed. R. Civ. P. 8. *Iqbal*, at 678. Moreover, the allegation that all defendants breached a contract between the plaintiff and Allstate does not state

a valid cause of action. The elements of a valid contract include consideration and mutual assent. *See Rotenberry v. Hooker*, 864 So.2d 266 (Miss. 2003).

**C.**     **Allegations Directed Collectively to All Defendants Should Be Disregarded.**

This Court should disregard the allegations in the Complaint directed collectively to all Defendants because these type allegations do not comply with Rule 8's requirements. In *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008), the plaintiffs filed suit against multiple defendants. With respect to two individual defendants, the plaintiffs' complaint included no specific allegations but simply lumped these defendants in with allegations against all defendants. The Tenth Circuit affirmed the dismissal of the complaint against these two defendants. It observed that it is the plaintiffs' burden to "provide fair notice of the grounds for the claims made against each of the defendants." *Robbins*, 519 F.3d at 1250. The court reasoned that a complaint's use of "the collective term, 'Defendants' . . . with no distinction as to what acts are attributable to whom" makes it "impossible for any of these individuals to ascertain what particular . . . acts they are alleged to have committed." *Id.* at 1250.

Other courts, including courts from this district and within the Fifth Circuit, have agreed that Rule 8's pleading requirements are not satisfied when a complaint lumps together all defendants and provides no factual basis to distinguish their conduct. In *Meek v. Gold Coast Skydivers, Inc.*, 2016 WL 81812 at *4 (S.D. Miss. 2016), the court criticized the plaintiff's complaint which "repeatedly lumps all three Defendants together when attempting to state his claims." The court observed that "this and other courts have rejected such collective pleading." *Meek*, 2016 WL 81812 at *4 (citing *Del Castillo v. PMI Holdings N. Am. Inc.,* 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) ("A complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their

conduct."); *Ware v. U.S. Bank Nat. Ass'n*, 2013 WL 6805153, at *4 (S.D. Miss. Dec. 20, 2013) (dismissing claims without prejudice and noting that plaintiffs "should avoid lumping the defendants together and should instead separately allege the scope of any duties owed and conduct alleged to have breached those duties as to each defendant"); and *Copeland v. Axion Mortgage Group LLC*, 2016 WL 4250431 at *4 (S.D. Miss. Aug. 11, 2016) (stating that shotgun complaints which "fail to distinguish between actions of named defendants" . . . "are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).").

The Plaintiff's Complaint clearly fails to meet the federal pleading standard set forth in *Iqbal* and *Twombly*, which the Fifth Circuit has held as the standard to apply when evaluating whether a resident defendant is fraudulently joined.[1]  For the most part, the Complaint does nothing more than lump the resident defendants in with allegations against Allstate.  For instance, the Complaint alleges that the "Defendants have refused to pay for the loss . . ." even though it is an Allstate insurance policy at issue and the Complaint later acknowledges that "Allstate wrongfully . . . refused to pay benefits . . . ."  The allegations in the Complaint directed at all defendants should be disregarded in the Court's analysis of whether the Complaint fails to state a valid claim against the resident defendants.  The Complaint has very little else to say about the resident defendants, and the Plaintiff's motion to remand should be denied as a result.

The United States Supreme Court agreed that complaints such as the one filed by the Plaintiff, herein, against the resident defendants fail to state a valid claim. In *Iqbal*, the plaintiffs were required to plead that government officials intentionally instituted certain policies in order to

---

[1] It should be observed that Mississippi's pleading requirements also prohibit the type of Complaint filed by the Plaintiff.  In *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So.2d 493, 494 (Miss. 2004), the Court held that [c]omplaints should not be filed in matters where plaintiffs intend to find out in discovery whether or not, and against whom, they have a cause of action."  In *Mangiardi*, multiple plaintiffs filed suit against multiple defendants without distinguishing which plaintiff had claims against which defendant.  The Mississippi Supreme Court held that this shotgun pleading was improper.

discriminate against persons of a particular race, religion or other protected group. 556 U.S. at 677-678. The plaintiffs alleged that the defendant "knew of, condoned, and **willfully and maliciously** agreed to subject him to harsh conditions of confinement . . . solely on account of his religion, race, and/or national origin . . . ." *Id.* at 680 (emphasis added). The Court held that the allegations "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim", and "[a]s such, the allegations are conclusory and not entitled to be assumed true." *Id.* at 681.

In *Iqbal* the plaintiffs argued that under Fed. R. Civ. P. 9, malice and other conditions of the mind may be plead generally. The Court disagreed that the plaintiff could merely insert a word such as "malice" into his complaint based upon Rule 9. It held that Rule 9 "merely excuses a party from pleading . . . under an elevated pleading standard. It does not give him license to evade the less rigid – though still operative – strictures of Rule 8." *Id.* at 686-87. "Rule 8 does not empower [a party] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.* at 688.

In the case at bar, the Plaintiff has done nothing more than what was prohibited in *Iqbal*, *Twombly*, and its progeny. She has merely affixed labels to her allegations which are nothing more than a recitation of the elements of a cause of action. She alleges no facts which would make a claim against an insurance adjuster or agent plausible.

**D.     Allegations of Fraud, Negligence and Breach of Duty of Good Faith Against Barry Makamson Fail to State a Valid Claim of Fraud Under Rule 9(b).**

Count I of the Complaint alleges that Barry Makamson has liability to the Plaintiff as a result of his fraud. In reference to the allegations in the Complaint asserting fraud, this must be pled with specificity as required by Fed. R. Civ. P. 9(b). In Count I, the Plaintiff alleges that she truthfully informed Makamson of all information requested as part of the qualification for

coverage, that Makamson fraudulently represented that she would be covered based on renter information given, that Makamson should have known she would not have been covered, and that Makamson failed to inform her of hidden criteria in the policy. Federal case law requires and, at a minimum, Rule 9(b) requires that the plaintiff specify the particulars of time, place and contents of the false representations. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). The Plaintiff's Complaint does not state what coverage representations Makamson made. There are hundreds of possible claims an insurance policy could cover or not cover. The Plaintiff's vague assertion that Makamson said she would be covered with no further specificity does not support an allegation of fraud. One is left to guess as to what coverage conversations and subject matters Makamson and the Plaintiff allegedly had.

Rule 9(b) generally requires the who, what, when, where and how in the complaint. *Williams* 112, F.3d at 179. Pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 564 F.3d 180, 185 (5th Cir. 2009). In the case at bar the what, when, where and how are missing.

Rule 9(b) not only ensures that defendants receive adequate notice of specific conduct alleged to have been fraudulent, but also stands "as gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later." *Grubbs* 565 F.3d at 185.

Under Mississippi case law, for a plaintiff to have a cause of action for fraud he must plead:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent and proximate injury.

*Nichols v. Tri-State Brick& Tile Co.*, 608 So.2d 324, 330 (Miss. 1992) (quoting *Whittington v. Whittington*, 535 So.2d 573, 585 (Miss. 1988)).

The Plaintiff's Complaint does not even allege the foregoing nine (9) elements. In the Plaintiff's Complaint the allegations in Count I do not set out with specificity the who, what, when, where and how of the alleged fraud were committed. There is no recitation of what information given by the Plaintiff was correct or incorrect, when and how Makamson represented to the Plaintiff that she would be covered, what Makamson said would be covered, what was not covered with respect to the Plaintiff's claim which is the subject of her Complaint and why, what renter information was given, what the hidden criteria was not written or specified. Because this Count fails to comply with the pleading requirements under both state and federal law, it fails to support a cause of action against Makamson, fails to state a claim against Makamson; and Makamson is therefore fraudulently joined. As a result, the motion to remand should be denied.

It is assumed that the Plaintiff's Complaint does not make the absurd suggestion that Makamson, her insurance agent, should have informed her that she could not commit insurance fraud, which is part of the basis for the denial of her claim. Surely, the Plaintiff does make the absurd suggestion that Makamson informed her prior to her purchase of the subject insurance policy that she could make material misrepresentations during the investigation of a claim and still be covered for a claim. This is why her claim was denied. There is no evidence to support the Plaintiff's claims against Makamson.

In fact, the Plaintiff's claim was denied based on her concealment and misrepresentation of material facts. This included that she misrepresented during the investigation of a claim that she had unlawfully moved into the house she allegedly rented. She also intentionally overstated the value of the property damaged by the fire. The Plaintiff also submitted claims for losses which

were not incurred. In addition, she did not produce certain documents that were repeatedly asked for so the investigation could be completed. This prevented Allstate from being able to complete its investigation. A letter to that effect was sent by Allstate to the Plaintiff explaining why her claim was denied. *See* [Doc. 1-9] The denial letter is included in the event the Court elects to pierce the pleadings, which Allstate requests it do only if the Court does not agree that the Complaint, on its face, fails to state a valid cause of action against Makamson. The evidence in this case is overwhelming that Makamson is fraudulently joined.

The allegations in Count III (breach of duty of good faith and fair dealing) and Count IV (negligence) are likewise conclusory and assert no additional facts than those included in Count I, which alleges fraud against Makamson. These counts again repeat the general allegation that Makamson informed the plaintiff that she would be covered but that her claim was not covered. If such a generic allegation supports a claim against an insurance agent, then that very allegation could be included in every complaint alleging that an insurance claim was denied. The Complaint fails to allege what coverages Makamson informed the Plaintiff she would have and why she did not have coverage for the specific type claim she filed. It further fails to allege how his statements regarding coverages are inconstant with the denial of the Plaintiff's claim she filed with Allstate. The Plaintiff's formulaic recitation of the elements of a claim of negligence and breach of duty of good faith and fair dealing do not state facts which make her claim plausible and do not comply with the pleading requirements of *Iqbal* and *Twombly*. As a result, Makamson is fraudulently joined, and the motion to remand should be denied.

E.    **Allegations Relating to Wilbur Jordan's Handling of the Claim or Denying the Claim Do Not Support Any Cause of Action.**

Although he has never been served and is not before the Court, the Plaintiff's motion to remand alleges that Jordan was grossly negligent in not surveying the property before the loss.

This is a specious argument and is not even an allegation which is included in the Complaint. The Plaintiff alleges that Jordan was an adjuster on the claim and can incur liability when his conduct constitutes gross negligence, malice or reckless disregard for the rights of the insured. The allegations of gross negligence against Jordan appear only in a single paragraph of the Complaint in Count V. She alleges nothing other than "Jordan was also grossly negligent in this [sic] handling of the claim in denying said claim based on policy provision [sic] that was not applicable in plaintiff's situation." *See* [Doc. 1-5], p. 8, ¶ 35. These allegations are conclusory and the allegation about the policy provision is insufficient because it does not identify any policy provision which was allegedly not applicable. It is presumed that Jordan is included in the allegations that are aimed at "defendants", but for the reasons stated above, allegations directed collectively against all defendants should be disregarded.

The Complaint does not allege what role Jordan had in the handling of the Plaintiff's claim. It alleges that Jordan was an employee of Allstate and that he was grossly negligent in the handling of the Plaintiff's claim and denying of the Plaintiff's claim. The complaint alleges insufficient facts to state a cause of action against Jordan, and he is therefore fraudulently joined.

This claim fails because (1) the Complaint fails to allege facts supporting the breach of any recognized legal duty supporting a claim of negligence or gross negligence against Jordan. As an insurance adjuster, Jordan cannot have personal liability unless there is evidence of gross negligence, malice, or reckless disregard for the rights of the insured. *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777, 784 (Miss. 2004). Jordan cannot be liable for ordinary negligence. The Count for negligence and gross negligence includes no specific allegations which support the suggestion that Jordan was grossly negligent, or acted with malice or reckless disregard for the Plaintiff's rights. Even if the Plaintiff did not have the heightened burden to establish gross

negligence or malice on the part of Jordan, she could have no recovery against Jordan or any party simply because a claim is denied. As was held by the United States Supreme Court, simply inserting a word such as "malice" into a complaint does not save it from dismissal. *See Iqbal*, 556 U.S. at 680.

Under Mississippi law, "[a]n approximate definition of gross negligence is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Ezell v. Bellsouth Telecommunications, Inc*., 961 F.Supp. 149, 152 (S.D. Miss.1997)(quoting *Dame v. Estes,* 233 Miss. 315, 101 So.2d 644 (1958)). There are no factual allegations against Jordan to evidence that he acted within what could be deemed to be grossly negligent.

An insurance adjuster may have liability if there is a factual allegation supporting the conclusion that he acted with malice. "Actual or express malice . . ., in its ordinary sense denotes ill will, a sentiment of hate or spite, especially when harbored by one person towards another, exists when one with a sedate, deliberate mind and formed design injures another, as where the person is actuated by ill will in what he does and says, with the design to willfully or wantonly injure another." *Barmada v. Pridjian*, 989 So.2d 359, 364 (Miss. 2008). There are no factual allegations describing circumstances that could support the conclusion that Jordan acted with ill will or with a sentiment of hate or spite against the Plaintiff.

The Plaintiff's Complaint simply inserts the word, "grossly", into the single conclusory allegation against Jordan. When faced with the exact same conclusory allegation of malice, federal courts have consistently held that the complaints must be dismissed on a Rule 12(b)(6) motion under the standard set forth in *Twombly* and *Iqbal*. *See Schatz v. Republican State Leadership Committee*, 669 F.3d 50, 58 (1st Cir. 2012)(affirming dismissal of claim and holding that "plaintiff

must still lay out enough facts from which malice might reasonably be inferred . . . ."); *Biro v. Conde Nast*, 807 F.3d 541, 546-47 (2nd Cir. 2015)(affirming order granting motion to dismiss because plaintiff's allegations of malice were conclusory); and *Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012)(holding that motion to dismiss was properly granted where complaint alleged only in conclusory manner that statements were made with malice). Even where the complaint included circumstances which the plaintiff argues establishes the element of malice, the Eleventh Circuit scrutinized those allegations and found that they fell short of sufficiently alleging facts supporting a finding of malice. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703-06 (11th Cir. 2016). "Bald allegations that defendants acted with malice – unadulterated by any factual support whatsoever – do not meet this burden." *Orenstein v. Figel*, 677 F.Supp.2d 706, 711 (S.D. N.Y. 2009).

As noted above, courts have held that such allegations do not state a valid claim for two reasons: (1) the allegations do nothing more than recite the elements of the causes of action (and in this instance, it is questionable whether they even go that far); and (2) the allegations are directed at the collective group of defendants and do not distinguish between one defendant's conduct from another. Even if the Court were to assume facts not alleged in the complaint – that Jordan was an adjuster who worked on the plaintiffs' claim – the complaint still fails to state a viable claim against Jordan. As a result, the motion to remand should still be denied.

Even if the Court were not convinced that the Complaint fails to state a claim against Jordan, evidence outside of the Complaint establishes that the Plaintiff is not entitled to any recovery against these defendants for the reasons set forth herein. The Plaintiff's Complaint arises out of the denial of her fire loss claim which she submitted under a renters' insurance policy. The claim was denied because the Plaintiff made multiple misrepresentations during the investigation

of the claim. Among the misrepresentations, the Plaintiff intentionally overstated the value of the property which was damaged by the fire. *See* [Doc 1-9]. Even though this case has been in litigation and discovery for over two years, there is no evidence to which the Plaintiff can direct the Court to suggest that her claim was not properly denied. As a result, there is no evidence that an insurance adjuster or the Plaintiff's insurance agent committed conduct which supports the Plaintiff's right to any recovery against them.

**F.    Claims Against The Individual Defendants As Agents Of Allstate Are Not Supported By The Facts.**

The individual Defendants are fraudulently joined for a separate reason. These Defendants are employees/agents of Allstate, with no individual liability outside the scope and course of their agency/employment.

In *Banger v. Magnolia Nursing Home*, the plaintiffs named the administrator of the defendant's nursing home as one of the defendants. 234 F.Supp.2d 633 (S.D. Miss. 2002). Just as in the case at bar, the plaintiffs made no specific allegations against the administrator who was a Mississippi resident. *Banger*, 234 F.Supp.2d at 638. Rather, the complaint referred to the "Defendants" as a whole and contained only conclusory and general allegations of wrongdoing on the part of all defendants. *Id.* The district court held that "[s]uch allegations are not sufficient to show that [the Mississippi resident] was not fraudulently joined." *Id.*

The individual Defendants' employment with Allstate is not sufficient to state a *prima facie* claim against them. Under Mississippi law, an agent for a disclosed principal is not liable for the acts of the principal. *Thames & Co. v. Eicher*, 373 So.2d 1033 (Miss. 1979). An agent has independent liability for a tort only when he or she "directly participates in or authorized the commission of a tort." *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.*, 492 So.2d 977, 978 (Miss. 1986).

In *Howard v. Estate of Harper*, the plaintiffs suggested to the Mississippi Supreme Court that it hold that both the nursing home owner and the individual nursing home administrator have liability for the negligence committed at the nursing home. 947 So.2d 854 (Miss. 2007). The plaintiffs argued that the duty of care should extend to an administrator because he is involved in the operations of the company. *Howard*, 947 So.2d at 857 ¶ 8. The Mississippi Supreme Court observed that the owner or proprietor of the nursing home already owes a duty to the plaintiffs. The Court declined to extend the duty to the individual administrator, reasoning that "such expansion would be duplicative of the duty already owed by the nursing home business owner . . . ." *Id.* at 858, ¶ 11. The same can be said of each of these individual Defendants *vis a vis* Allstate Indemnity Company and they are fraudulently joined as a result.

### G. There Was Insufficient Service Of Process On Makamson And No Service Of Process on Jordan.

Even if the Complaint stated a viable cause of action against one of the resident defendants, which it does not for the reasons stated above, the motion to remand should still be denied. Makamson was not properly served with the second Complaint. Jordan has never been served with the second Complaint although in her Motion to Remand the Plaintiff claims that he has been served. These individual Defendants should be dismissed as the Court does not have jurisdiction over them as they are not properly before the court based on insufficient process and insufficient service of process.

Importantly, the Plaintiff admits in her Motion to Remand that Markamson and Jordan were served outside the 120 day period to serve them as laid out in M.R.C.P. 4(h). As the second Complaint was filed on August 25, 2017, she would have until December 23, 2017, to serve Makamson and Jordan. The motion to extend the time to serve these Defendants was not filed until April 11, 2018, long after the 120 day period had expired. The Plaintiff alleges that she has since

served the Defendants prior to June 7, 2018. Makamson was served on May 24, 2018, 273 days after the Complaint was filed and Jordan has never served.

In her Motion to Remand the Plaintiff alleges that the motion to extend the time to serve these Defendants should be granted if she can show good cause. She has failed to show good cause and more importantly this motion was filed after the 120 day period passed and has never been brought forward for hearing. Even if the Plaintiff had brought the motion on for hearing, she could not prevail as she has not shown good cause to extend the time for filing.

In her motion she claims that the failure to serve was due to the lack of care by the Leflore County Sheriff's Department. "[P]lacing blame upon a process server, without more, is insufficient to demonstrate good cause." *Copiah Cty. Sch. Dist. v. Buckner*, 61 So.3d 162, 167 (¶ 16) (Miss. 2011). Rather, "[t]he plaintiff must make a showing of diligence in seeking to effect service." *Id.* In this case, the Plaintiff has made no showing of diligence. In fact, what is shown is an attempt to point a finger at a process server. The argument does not ring true given the fact that the Plaintiff waited over seven after her Complaint was file to file her motion for an extension to serve the Defendants.

Because Makamson was served late without good cause, and Jordan has not been served, these Defendants are fraudulently joined for this separate, independent reason.

### H.    All Writs Act Applies And Plaintiff Should Be Enjoined.

In the event the Court disagrees with Allstate's contention that it should exercise jurisdiction over the case at bar, the Court should enter an order enjoining the Plaintiff and the Circuit Court of Holmes County, Mississippi, from proceeding further with the second lawsuit. Under the All Writs Act, a federal court is authorized to enjoin the prosecution of a second lawsuit which is filed in an attempt to subvert the purposes of the removal statute. *See Faye v. High's of*

*Baltimore*, 541 F.Supp.2d 752 (D. Md. 2008)(citing *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975)). The Plaintiff's second lawsuit was clearly filed for the purpose of subverting the purposes of the removal statute. Her first lawsuit was remanded based upon her sworn statement to the federal court that she would seek no more than $75,000 in her claim against Allstate. The plaintiff's second lawsuit is an attempt to avoid the ramifications of her sworn vow to the federal court. For these reasons, the Plaintiff should not be permitted to prosecute the second lawsuit in state court regardless of whether this Court exercises jurisdiction over the suit. In the alternative, only, Allstate moves for an order enjoining the Plaintiff from prosecuting the second lawsuit.

### III.    CONCLUSION

The Plaintiff's Complaint alleges that Allstate issued an insurance policy to the Plaintiff and that the policy was breached when she made a claim after a fire loss. The Complaint fraudulently joins resident Defendant Makamson and resident Defendant Jordan. The Complaint does not comply with federal pleading standards and the resident Defendants are improperly joined to defeat jurisdiction. The Plaintiff's Complaint includes allegations collectively against all Defendants amounting to bare assertions. The Complaint alleges claims of fraud against the resident Defendant Makamson without the required specificity required regarding the who, what when, where and how of the allegations. Aside from the conclusory allegations directed at all Defendants, the Complaint includes no factual averments relating to the resident Defendant Jordan. The Complaint does not include any additional factual averments relating to the resident Defendant Makamson. The allegations in the Complaint aimed at Makamson and Jordan as agents, employees or servants of Allstate are not sufficient to state a *prima facie* case against them. Under the most generous pleading requirements, the Plaintiffs' Complaint fails to state a claim against Makamson

and Jordan. Stated differently, if the Plaintiff's Complaint were sufficient to avoid federal jurisdiction under the doctrine of fraudulent joinder, then the doctrine would effectively not exist. The Plaintiff certainly has not alleged any facts to support liability on the part of an insurance adjuster or agent. An adjuster cannot have personal liability unless there is evidence of gross negligence, malice, or reckless disregard for the rights of the insured, and there is no factual allegation to support such a finding in the Complaint. Makamson and Jordan are fraudulently joined, and the plaintiffs' motion to remand should be denied as a result. In the alternative, the Plaintiff should be enjoined from pursuing the second Complaint as it is an attempt to avoid the ramifications of her sworn vow to the federal court that she would not seek more than $75,000 in recovery against Allstate.

Following the denial of the motion to remand, the Court should dismiss the Complaint against the resident defendants. The Fifth Circuit has held that a dismissal without prejudice is appropriate because the federal district court lacks jurisdiction to address the merits of the claims against the resident defendants. *See International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 210-11 (5th Cir. 2016).

Respectfully submitted, this the 21st day of June, 2018.

<div style="margin-left:40%">

**ALLSTATE INDEMNITY COMPANY,
DEFENDANT**

BY:   WILKINS PATTERSON SMITH PUMPHREY &
STEPHENSON, P.A.


BY:   */s/ Robert R. Stephenson*
ROBERT R. STEPHENSON (MSB #10772)
DAVID E. STOVALL (MSB #102706)
DIANE PRADAT PUMPHREY (MSB #4473)

</div>

OF COUNSEL:

WILKINS PATTERSON SMITH PUMPHREY & STEPHENSON, P.A.
One LeFleur's Square, Suite 108
4735 Old Canton Road [39211]
Post Office Box 13429
Jackson, Mississippi 39236-3429
Telephone:      601.366.4343
Facsimile:      601.981.7608
E-Mail:         bstephenson@wilkinspatterson.com
                dstovall@wilkinspatterson.com
                dpumphrey@wilkinspatterson.com


## CERTIFICATE OF SERVICE

I, Robert R. Stephenson, do hereby certify that I have this day causes to be filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

SO CERTIFIED, this the 21st day of June, 2018.

_ /s/ Robert R. Stephenson_____
ROBERT R. STEPHENSON