# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

JENNIFER LUCKETT                                              PLAINTIFF

V.                                    CAUSE NO.  3:18-cv-00275-HTW-LRA

ALLSTATE INDEMNITY COMPANY,
BARRY MAKAMSON and WILBUR JORDAN                DEFENDANTS

---

## ORDER

---

BEFORE THIS COURT are the following motions filed by the parties: Motion to Remand by the Plaintiff, Jennifer Luckett ("Luckett") [Doc. 9]; Motion to Dismiss by the Defendant, Barry Makamson ("Makamson") [Doc. 16]; and the Motion to Enjoin filed by Allstate Indemnity Company ("Allstate") [Doc. 14] as an alternative to its request that this Court accept jurisdiction over this action.  For the reasons set forth below, this Court denies Luckett's Motion to Remand, and the remaining motions will be addressed in light of the Court's ruling on the Motion to Remand.

## I.      PREAMBLE

The question presented herein is whether the plaintiff in this cause improperly or fraudulently joined one or more defendants to her lawsuit in order to defeat the dictates of federal diversity jurisdiction, as required by Title 28 U.S.C. § 1332[1].

---

[1] Title 28 U.S.C. § 1332 states:
   **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—

   **(1)**  Citizens of different States; …

## II.     THE PARTIES

At the commencement of this action, Luckett was an adult resident of Durant, Holmes County, Mississippi [Doc. 1-5].

Allstate was and is an insurance company which is incorporated in the State of Illinois and which has its principal place of business in the State of Illinois [Doc. 1, p. 2].  Allstate is duly licensed in the State of Mississippi. *Id*.

Makamson is an adult resident of Greenwood, Mississippi and named in the Complaint as "an agent, employee, and servant" of Allstate [Doc 1-5 at p.1].  Prior to the commencement of this action, Makamson was  Luckett's insurance agent [Doc. 1-5].

Wilbur Jordan ("Jordan") is an adult resident of Gulfport, Harrison County, Mississippi [Doc. 1-5, p. 2].  Plaintiff Luckett names Jordan in the Complaint as "an agent, employee, and servant" of Allstate.  Allstate, without objection, has identified Jordan as an adjuster.  Plaintiff has not challenged Allstate's description of Jordan's job title.

## III.     PROCEDURAL HISTORY

On March 11, 2016, Luckett commenced against Allstate[2] in the Circuit Court of Holmes County, Mississippi, a civil action ("the first lawsuit") to recover damages for an alleged breach of contract and alleged bad faith breach of contract [Doc. 1, ¶ 1].  This lawsuit was structured on a fire loss and Allstate's alleged refusal to honor the dictates of its policy, which proceeds would pay fire damage costs to Luckett.

---

[2] Luckett incorrectly named Allstate Idemnity Company as "Allstate Insurance and All-State Insurance" in her Complaint.

On April 26, 2016, contending that this lawsuit has a federal character under diversity jurisdiction, of Title 28 U.S.C. § 1332[3], Allstate removed[4] this first cause of action to the United States District Court for the Southern District of Mississippi. The cause number was 3:16-cv-207-TSL-RHW, with Judge Tom S. Lee presiding. Unhappy with the removal to federal court, Luckett filed a Motion to Remand this litigation back to state court. The parties then commenced a removal/remand dispute.

Under § 1332, the parties must be diverse in citizenship, a condition for federal jurisdiction met by the Complaint[5]. Section 1332 also requires that the amount in controversy exceed the sum of $75,000, exclusive of costs and interest. This condition was not readily ascertainable from the Complaint. To resolve the dispute, Judge Lee first remarked by order that the Plaintiff's Complaint was "hopefully ambiguous as to the amount of damages plaintiff is seeking to recover" [Doc. 1 at ¶ 4]. Judge Lee added, though, that if Luckett filed an affidavit agreeing not to accept a sum greater than $75,000, the court would grant Luckett's motion to remand and send the case back to state court. Luckett then filed an affidavit certifying that she would not accept an award greater than $75,000, and that her Complaint did not seek an award of damages in excess of $75,000 [Doc.

---

[3] See footnote 1.

[4] Title 28 U.S.C. § 1446 states:
**(b) Requirements; generally—(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

[5] Plaintiff Luckett, a Mississippi resident, and Defendant Allstate, an Illinois corporation, were the only named parties in the first lawsuit, Cause No. 3:16-cv-307.

1, ¶ 2].    On June 3, 2016, Judge Lee remanded the first lawsuit to state court based upon the Plaintiff's affidavit.

On August 25, 2017, Luckett, now back in state court, filed a second Complaint in the Circuit Court of Holmes, County, Mississippi, against Allstate.  She added two individuals: Makamson and Jordan, identified by Luckett as agents, employees and servants of Allstate ("the second lawsuit") [Doc. 1, ¶ 3].

The second lawsuit asserts the exact same factual allegations and claims against Allstate which are included in the first lawsuit.  Both lawsuits arose out of the exact same fire loss and insurance claim which Allstate denied [Doc. 1, ¶ 3].

On November 6, 2017, Luckett filed a motion to dismiss her first lawsuit.  On April 3, 2018, the state court granted Luckett's motion to dismiss the first lawsuit.  That left pending only the second lawsuit [Doc. 1, ¶ 4].

The Complaint filed in the second lawsuit, akin to the first lawsuit, did not specify the amount of damages sought.  As a result, on March 29, 2018, Allstate served requests for admissions, as authorized by Rule 36[6] of the Mississippi Rules of Civil Procedure, asking Luckett to admit that the damages sought were no greater than $75,000 [Doc. 1, ¶ 4].

---

[6] M.R.C.P. Rule 36 states:
**(a) Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons upon that party.

On April 17, 2018, Luckett served her responses to the requests for admissions. She denied that she was not seeking more than $75,000 in that second lawsuit, despite her previous affidavit, wherein she had sworn that she would not seek such an amount [Doc. 1, ¶ 4].

On April 30, 2018, Allstate filed, in this Court, Allstate's Second Notice of Removal [Doc. 1], again stating that this Court has subject matter jurisdiction over this action which, said Allstate, features complete diversity of citizenship between the properly joined parties, and the requisite jurisdictional amount in controversy being in excess of $75,000, exclusive of interest and costs. Allstate predicated this second removal upon 28 U.S.C. § 1446(b)(3)[7], triggered by Luckett's responses to the requests for admissions.

In her second lawsuit, Luckett seeks: damages for an insurance claim with an alleged value in excess of $40,000; an unspecified amount of punitive damages; and an unspecified amount of damages for anxiety, worry, mental and emotional distress, and attorney's fees [Doc. 1-1].

The second lawsuit alleges that Makamson and Jordan are citizens of the State of Mississippi, a circumstance that may be fatal to diversity of citizenship jurisdiction under 28 U.S.C. §1332. Allstate argues, though, that while Makamson and Jordan are citizens of Mississippi, their citizenship should be disregarded for the following reasons:

"(1) Both [Makamson and Jordan] are fraudulently joined and Plaintiff is entitled to no recovery against them; (2) The Complaint is not clear as to what allegations are asserted against specific defendants because the Complaint at times lumps all defendants together and, at other times, references a defendant without identifying the defendant referenced; and (3) The Complaint filed in the second lawsuit is 'as hopelessly ambiguous as that filed in the first lawsuit'."

[Doc. 1, at ¶ 5].

---

[7] See footnote 4.

Allstate provides multiple reasons in support of (1), improper joinder: namely, lack of specific allegations; improper service of process; and complete failure to serve the Complaint.

Luckett, in response to Allstate's statements, asserts that both Makamson and Jordan are properly joined and that both were properly served with process. Their rightful presence here, says Luckett, destroys diversity jurisdiction under § 1332, with the result that this case should be remanded to state court [Doc. 9].

## IV.    FACTS

A fire loss is the operative event for the birth of this lawsuit. On June 9, 2015, a fire engulfed where Luckett was living and caused damages. Prior to the fire, Luckett had purchased what the parties agree was a renters insurance policy from Allstate. According to Luckett, after the fire, she filed "a claim for benefits under said policy with Allstate . . . ." [Doc. 1-5]. Her Complaint further alleges that on November 4, 2015, Allstate wrongfully and in bad faith denied Luckett's fire loss claim and refused to pay benefits due under the policy. *Id.*

Allstate's adjuster, Wilbur Jordan, defendant herein, in a denial letter to Luckett, states the following reasons for Allstate's denial of Luckett's claims for insurance coverage:

"Our investigation into your claim indicates that you concealed and/or misrepresented material facts and circumstances. During our investigation, we were notified that you unlawfully moved into the [subject] house…without the owner's knowledge…you misrepresented that you were renting the subject house" [Doc. 9-1 at p. 1].

"Based upon our investigation of your claim, we concluded that you made misrepresentations regarding your financial condition and regarding material aspects of your claim. Additionally, there have been discrepancies in the information you have provided us in your claim. Also…we have concluded that you intentionally overstated the value of your property damaged by the fire…that you submitted claims for losses which were not incurred…" [Doc. 9-1 at p.1].

"Allstate…requested through our attorney that you produce certain documents. Despite repeated requests, you have failed to produce all of the requested documents" [Doc. 9-1 at p. 2].

Unable to reach any settlement with Allstate, Luckett filed the above-discussed two lawsuits, the first only against Allstate, which lawsuit has been dismissed. This second lawsuit which brought in Makamson and Jordan alleges the following causes of action against Makamson: (1) fraud; (2) breach of duty of good faith and fair dealing; and (3) negligence. Luckett submits against Jordan the theories of: (1) negligence; and (2) gross negligence [Doc. 1-5].

## V. REMOVAL

"…[D]iversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist. If the plaintiff improperly joins a non-diverse defendant, however, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "[T]he [district] court has the obligation to determine whether a plaintiff has improperly joined a party that defeats federal diversity jurisdiction." *Flagg*, 819 F.3d at 136.

To determine whether a party is fraudulently joined for removal purposes, the district court is required to be obedient to a telling test: whether plaintiff has a possibility of recovery against the in-state defendant. *Id.* Two different roads may lead to a conclusion. First, the Court may evaluate whether the plaintiffs' complaint states a valid claim against the resident defendants under the federal pleading standards set forth in Fed. R. Civ. P. 8. [8] *See International Energy Ventures*

---

[8] **(a) Claim for Relief.** A pleading that states a claim for relief must contain:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief

Fed. R. Civ. P. 8

*Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). Secondly, the Court may exercise its discretion to pierce the pleadings and consider outside evidence to evaluate whether a plaintiff has a claim against the resident defendant. A court may choose to use either of these two analyses, but must use one and only one of them. *International Energy Ventures Management, L.L.C.*, 818 F.3d at 207.

The Court may choose the second option to pierce the pleadings "where a complaint states a claim that satisfies 12(b)(6) [9], but has misstated or omitted discrete facts that would determine the propriety of joinder . . . ." *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 401 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

At the hearing on Luckett's Motion to Remand, Luckett asked the Court to permit her to conduct remand-related discovery, so that the Court could consider evidence outside of the pleadings. The plaintiff, though, did not identify any discovery she would be seeking that would shed light on the Court's jurisdictional question. The plaintiff's request, thus, appeared to be just an effort to conduct a "fishing expedition" in hopes of defeating federal jurisdiction. The Court, therefore, will not allow remand-related discovery; instead, this Court will examine Luckett's Complaint to evaluate whether the Complaint states a claim against either of the resident defendants, Makamson and Jordan.

---

[9] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted;

Fed. R. Civ. P. 12

## VI.   PLAINTIFF'S COMPLAINT AGAINST MAKAMSON AND JORDAN

### A.   Legal Standard

To determine whether these defendants are fraudulently joined, the Court is required to conduct a  Rule 12(b)(6)[10] type  analysis to reach a conclusion regarding whether the Complaint states a valid cause of action against these defendants.  Luckett has argued that in conducting the Rule 12(b)(6) type analysis, the Court should evaluate her Complaint based upon Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.  The Court rejects Luckett's argument.

The Fifth Circuit has expressly held that the Rule 12(b)(6) type analysis utilized in evaluating fraudulent joinder "incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly. . . ."  International Energy*, 818 F.3d at 200 (emphasis by Fifth Circuit). Under the standard enunciated in *Bell Atlantic Corp. v. Twombly*, "[a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face'." *See Intentional Energy*, at 200, fn. 15 (citing case law quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  For this reason, the Court will evaluate whether Jordan and Makamson are fraudulently joined based upon whether Luckett's Complaint against these two defendants withstands a Rule 12(b)(6) challenge under the Federal Rules of Civil Procedure.

Following the United States Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007), federal courts have recognized that the pleading requirements of Rule 8 have "shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than a possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009). *See also Noatex Corp. v. King Constr. of Houston, LLC*, 2013 WL 12241279 at *1 (N.D. Miss.

---

[10] See footnote 9.

Feb. 13, 2013) (observing that the *Twombly* "'plausibility' standard raises the fair notice standard to a heightened pleading standard requiring that factual allegations be more than mere labels and conclusions and a formulaic recitation of the elements of a cause of action.").

### B. Luckett's Claims Against Defendant Makamson

#### 1. Fraud

Luckett's first cause of action against Makamson is one which sounds in fraud. A complaint alleging fraud must meet the heightened specificity requirements of Fed. R. Civ. P. 9(b)[11], which states that the circumstances constituting fraud must be stated with particularity.[12] Federal case law requires and, at a minimum, Rule 9(b) requires that the plaintiff specify the particulars of time, place and contents of the false representations. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). Rule 9(b) generally requires the who, what, when, where and how in the complaint. *Williams* 112 F.3d at 179. Pleadings alleging fraud must contain "simple, concise, and direct allegations of the circumstances constituting the fraud, which must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 564 F.3d 180, 185 (5th Cir. 2009).

Mississippi substantive law, which pursuant to the dictates of *Erie Railroad Co., v. Tompkins*, 304 U.S. 64 (1938), this Court is bound to follow, sets out the Mississippi Rule 9(b) pleading requirement for a cause of action for fraud:

---

[11] **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.
Fed. R. Civ. P. 9

[12] The Court observes that even if it were to apply the state court counter-part to Fed. R. Civ. P. 9(b), Mississippi's rule also requires that averments of fraud be stated with particularity. *See* Miss. R. Civ. P. 9(b).

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Nichols v. Tri-State Brick& Tile Co.*, 608 So.2d 324, 330 (Miss. 1992) (quoting *Whittington v. Whittington*, 535 So.2d 573, 585 (Miss. 1988)).

The Complaint [Doc. 1-5] alleges:

"Barry Makamson fraudulently represented to plaintiff that she would be covered based on the renter information given" [Doc. 1-5 at ¶ 17].

"Defendant Makamson knew or should have known at the time of this representation that said representation was false and that Allstate failed to inform Plaintiff of **hidden criteria** not written or specified before purchase" [Doc. 1-5 at ¶ 18](emphasis added).

"Plaintiff relied on Makamson's representation and as a result did not seek to obtain coverage with another carrier as she could have done" [Doc. 1-5 at ¶ 19].

"This false representation constitutes gross negligence on the part of Makamson and as a result of this representation, Plaintiff discovered that Allstate would not provide coverage for her claim" [Doc. 1-5 at ¶ 20].

Makamson's "representation", to be accountable under fraud, must be shown as a statement that the speaker, when making such, knew at the time of the utterance that it was false, and uttered to induce the hearer (Luckett) to take some action to her detriment. This statement, in order to meet the requirements of a "representation", must first concern a fact rather than an opinion. *Shogyo International Corp. v. First National Bank of Clarksdale*, 475 So.2d 425, 428 (Miss. 1985).

The alleged representation, further, must relate to past or presently existing facts. "[A] claim of fraudulent representation cannot be predicated on a promise relating to future actions." *Spragins v. Sunburst Bank*, 605 So. 2d 777, 781 (Miss. 1992) (citations omitted). Fraud cannot be predicated upon statements which are promissory in nature; however, Mississippi law clarifies that a promise of future conduct does meets the requirement of a "representation" when "the promise was made with the present intent not to perform." *Bank of Shaw, a Branch of Grenada Bank v.*

*Posey*, 573 So. 2d 1355, 1359 (Miss. 1990). See also, *McMullan v. Geosouthern Energy Corp.*, 556 So.2d 1033, 1037,(Miss. 1990), stating, "[f]raudulent representations upon which a party may predicate any demand for relief must relate to past or presently existing facts… and cannot consist of promises, except in some cases when a contractual promise is made with the present undisclosed intention of not performing it." *Id*.

Plaintiff's Complaint, relative to the alleged "false representation" mentions "hidden criteria" not written or specified before purchase. Elsewhere in plaintiff's Complaint, she states , "due to the representation made by defendant Makamson about these matters, ***including but not limited to, other pertinent terms of the policy***, the Plaintiff agreed to purchase the aforementioned policy" [Doc. 1-5 at ¶ 25] (emphasis added). The Complaint fails to clarify anywhere within its pages what were these "hidden criteria" or what were these "other pertinent terms of the policy". Resultedly, the specifics of Makamson's alleged false representations are lacking.

In sum, the Complaint fails to allege with sufficient specificity either of the first two elements of a claim of fraud, namely, a representation and its falsity, because there is an insufficient description of the "representation" and no suggestion regarding how the alleged representation was false, other than the statement that the claim was denied.

### 2. Breach of Duty of Good Faith and Fair Dealing

The plaintiff next claims that Makamson breached a duty of good faith and fair dealing. This cause of action has special contours.

All contracts, under Mississippi law, contain an implied covenant of good faith and fair dealing in performance and enforcement. *Limbert v. Miss. Univ. for Women Alumnae Ass'n, Inc.*, 998 So.2d 993, 998 (¶ 11) (Miss.2008) (citing *Morris v. Macione,* 546 So.2d 969, 971 (Miss.1989)). Statutory law also supports this covenant of good faith and fair dealing. "Every

contract or duty within this code imposes an obligation of good faith in its performance or enforcement." *Miss.Code Ann.* § 75–1–203 (1972).

"Good faith" is described as "the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party." *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992)(citing Restatement (Second) of Contracts § 205, 100 (1979)). "The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Id.*

Bad faith, in turn, requires more than a showing of negligence or bad judgment; rather, "bad faith implies some conscious wrongdoing because of dishonest purpose or moral obliquity." *Montgomery v. CitiMortgage, Inc.*, 955 F.Supp.2d 640, 657 (S.D. Miss. 2013)(citing *Lippincott v. Miss. Bureau of Narcotics,* 856 So.2d 465, 468 (¶ 8) (Miss.Ct.App.2003)).

The plaintiff's Complaint alleges that Makamson breached the duty of good faith and fair dealing. Plaintiff, however, did not have a contract with Makamson; plaintiff's contract was with Allstate.

Even so, plaintiff's cause of action suffers another malady. According to plaintiff, Makamson spoke with the plaintiff and informed her that she would be provided coverage under a policy of insurance. The plaintiff goes on to allege that the insurance claim she later filed was denied. The plaintiff's Complaint thus alleges that she was damaged due to an unspecified representation by Makamson relating to unspecified matters. Luckett's Complaint asserts, "due to the representation made by defendant Makamson about these matters, ***including but not limited to, other pertinent terms of the policy***, the Plaintiff agreed to purchase the aforementioned policy" [Doc. 1-5 at ¶ 25] (emphasis added).

This pleading is misplaced, being asserted against Makamson, a non-contracting party with plaintiff. Additionally, even were Makamson a proper target, plaintiff's cause of action is incomplete and thus fails to allege sufficient facts required by the federal pleading standard which makes her claim for breach of good faith and fair dealing plausible on its face. The Complaint does no more than allege some of the elements of the cause of action with a few conclusory allegations added. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . ." are insufficient to survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678. For these reasons, the Court concludes that the Count within the plaintiff's Complaint for breach of good faith and fair dealing is subject to dismissal under a Rule 12(b)(6) analysis.

### 3. Negligence

Lastly, the plaintiff alleges a Count of negligence against Makamson. This is an alternative-pled theory since plaintiff also alleges a Count of fraud, which carries a thoroughly variant state-of-mind requirement. Her Count for negligence alleges that the plaintiff placed her confidence and trust in Makamson. The Complaint alleges that she was induced by Makamson to purchase insurance under the guise that coverage would be provided, and that Makamson breached the duty he owed her.

"The elements of negligence are well-established: duty or standard of care, breach of that duty or standard, proximate causation, and damages or injury." *Porter v. Grand Casino of Mississippi, Inc*., 181 So.3d 980, 985 (Miss. 2016).

The plaintiff's Complaint fails to allege facts relating to any legal duty which Makamson breached. In her Complaint, Luckett alleges, "Defendant Barry Makamson had a duty as an agent, employee, and/or servant of Allstate to truthfully explain the terms of the policy to the Plaintiff."

[Doc. 1-5 at ¶ 27]. Luckett further expresses, "By virtue of the relationship of the parties, the value of the facts suppressed by defendant and the vastly superior knowledge and bargaining position of the defendant, and defendant Makamson's position as an agent for the Plaintiff, a confidential fiduciary relationship arose between defendant and the Plaintiff." [Doc. 1-5 at ¶ 27].

Again, plaintiff's Complaint is nebulous. This Complaint fails to clarify "the value of the facts suppressed by defendant". Nor does the Complaint clarify what terms of the policy Makamson failed to explain to plaintiff.

Additionally, plaintiff's Complaint fails to set out any pleading sufficient to show that a confidential fiduciary relationship was created. "The relationship between an adjuster and the insured is a purely contractual one; an adjuster does not owe the insured a fiduciary duty nor a duty to act in good faith." *Bass v. California Life Ins. Co.*, 581 So. 2d 1087,1090 (Miss. 1991)(internal citations omitted).

In Mississippi, the purchase of insurance is deemed to be an arms' length transaction; thus, under Mississippi law, there is no fiduciary relationship or duty between an insurance company's agent defendant and its insured in a first party insurance contract. *Booker v. Am. Gen. Life and Accident Ins. Co.,* 257 F. Supp. 2d 850 (S.D. Miss. 2003).

As an agent of Allstate, a known principal, Makamson owed a duty to Allstate under the theory of negligence, while Allstate owed a duty to plaintiff. Luckett's negligence claim against Makamson is ambushed by *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777, 784 (Miss. 2004), which holds, an "insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection [with] its work on a claim." See also, *Leathers v. Aetna Casualty & Surety Co.,* 500 So.2d 451 (Miss.1986); *Consolidated American Life Ins. Co. v. Toche,* 410 So.2d 1303, 1305 (Miss.1982).

This final Count against Makamson in the plaintiff's Complaint, therefore, is likewise subject to dismissal under a Rule 12(b)(6) analysis.

### C.    Luckett's Claims Against Defendant Jordan

#### 1.  Negligence

Allstate has identified Jordan as an insurance adjuster, said designation receiving no objection from Luckett.  An adjuster has a duty to investigate all relevant information and must make a realistic evaluation of a claim. *Banker's Life & Casualty Co. v. Crenshaw,* 483 So.2d 254, 272, 276 (Miss.1985); however, an adjuster is not liable for simple negligence in adjusting a claim. *Leathers v. Aetna Casualty & Surety Co.,* 500 So.2d 451 (Miss.1986). An adjuster can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured. *Davidson v. State Farm Fire & Casualty Co.,* 641 F.Supp. 503, 510 (N.D.Miss.1986).

The Complaint herein fails to set out any allegations supporting a theory of gross negligence, malice, or reckless disregard for the rights of the insured.  As earlier stated, a theory of negligence will not lie against an insurance adjuster.

#### 2.  Gross Negligence

Lastly, Luckett claims that Jordan was grossly negligent.  Under Mississippi law, "[a]n approximate definition of gross negligence is that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them."  *Ezell v. Bellsouth Telecommunications, Inc*., 961 F.Supp. 149, 152 (S.D. Miss.1997)(quoting *Dame v. Estes,* 233 Miss. 315, 101 So.2d 644 (1958)).

As earlier stated, Luckett's Complaint includes no facts to suggest that Jordan was grossly negligent. In fact, the complaint includes nothing more than the conclusory allegation that Jordan "was also grossly negligent in this handling of the claim in denying said claim based on policy provision [sic] that was not applicable in plaintiff's situation." The Complaint does not identify any policy provision which was allegedly not applicable. The plaintiff's allegations of gross negligence against Jordan include nothing more than the threadbare recitals of her cause of action. Merely reciting the words, "grossly negligent", in the Complaint is insufficient to survive a Rule 12(b)(6) motion under *Twombly*, *Iqbal*, and their progeny. For these reasons, this court concludes that Luckett's Complaint does not state a valid cause of action against Jordan, and the Court, therefore, finds that he, too, is fraudulently joined.

## VII.   SERVICE OF PROCESS

### A.  Failing Timely To Serve Defendant Makamson

Allstate also argues that Makamson was fraudulently joined because Makamson was served outside the 120-day period as required by Mississippi Civil Procedure Rule 4(h)[13]. Luckett filed her second Complaint in state court on August 25, 2017, giving her until December 23, 2017, to serve Makamson. Luckett filed a motion to extend time to serve Makamson; however, her motion was not filed until April 11, 2018, long after the 120-day period had expired. Makamson eventually was served, but 273 days after the Complaint had been filed. This service occurred 153 days past the deadline to serve a defendant with process under Miss. R. Civ. P. 4.

---

[13] **(h) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion

M.R.C.P. 4

"The plaintiff bears the burden to demonstrate good cause for a failure to serve process in a timely manner." *Copiah County School Dist. v. Buckner*, 61 So.3d 162, 166 (Miss. 2011). The plaintiff argues that she has established good cause for her failure timely to serve Makamson because the Leflore County, Mississippi Sheriff's Department had mishandled her service of process upon him. Towards her "good cause" argument, plaintiff submitted two matters: (1) a letter dated May 22, 2018, from the Leflore County Sherriff's Department, apologizing for not effecting timely service; and (2) an affidavit from Timothy Mays, law clerk to Larry Stamps, plaintiff's attorney, attesting to receipt of the aforementioned letter. These submissions hardly change the landscape of this situation. Timothy Mays's letter adds nothing of consequence and the Sheriff's letter, dated May 22, 2018, does not speak to a period within the 120-day rule.

The Mississippi Supreme Court, tellingly, has held that "placing blame upon a process server, without more, is insufficient to demonstrate good cause." *Buckner*, 61 So.3d at 167. That is the circumstance here; Plaintiff has made no showing of diligence to serve Makamson.

This Court finds because Luckett served Makamson late without good cause, this Court does not have jurisdiction over Makamson.

**B. Failure to Serve Defendant Jordan**

To date, Plaintiff has not served Defendant Jordan. "[T]he plaintiff must make a showing of diligence in seeking to effect service." *Copiah Cty. Sch. Dist.*, 61 So.3d at 167. Plaintiff has offered no suggestion as to why she has failed to serve Jordan. This Court, therefore, finds that Jordan is not a party to this action and dismisses him accordingly.

# VIII.  ALL WRIT'S ACT AND ALLSTATE'S ALTERNATIVE MOTION TO ENJOIN

On June 21, 2018, Defendant Allstate filed its Response to Luckett's Motion to Remand [Doc. 14].  In its Response, Allstate includes an Alternative Motion to Enjoin[14], urging this Court to enjoin the prosecution of Luckett's second lawsuit in the Circuit Court of Holmes County, Mississippi. Allstate invokes the All Writs Act[15], under which a federal court is authorized to enjoin the prosecution of a second lawsuit which is filed in an attempt to subvert the purposes of the removal statute. *See Faye v. High's of Baltimore*, 541 F.Supp.2d 752 (D. Md. 2008)(citing *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975).  A movant under this Act must show: "(1) a virtual certainty of irreparable injury; (2) a virtual certainty of success on the merits; (3) minimal harm to the agency, in the sense of disruption of process; and (4) the public interest clearly favoring the assumption of jurisdiction." *Faith Home Health Services Inc. v. Shalala*, 166 F.3d 341 (5th Cir. 1998)(*quoting V.N.A. of Greater Tift County*, 711 F.2d 1020 at 1034).

This Court need not assess Allstate's alternative motion since this court will deny Luckett's Motion to Remand.  This Court notes, however, that even if it were to consider Allstate's prayer for enjoinment, granting such relief would be an extreme measure by this Court, as it would infringe upon the state Court's jurisdiction.

---

[14] Allstate did not present a brief in support of its Alternative Motion to Remand; rather, Allstate requests this relief in a single paragraph in its Response to Luckett's Motion to Remand.

[15] Title 28 U.S.C. § 1651 states:
(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

## IX.    CONCLUSION

For the reasons set forth above, the Court finds that Makamson and Jordan are fraudulently joined to this action and that complete diversity of citizenship exists between all properly joined parties.  The Court, therefore, has subject matter jurisdiction over this action. The Fifth Circuit has held that after a district court concludes that the resident defendants are fraudulently joined, a dismissal without prejudice is appropriate as to the resident defendants because the federal district court lacks jurisdiction to address the merits of the claims against the resident defendants.  *See International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 210-11 (5th Cir. 2016).  Pursuant to the Fifth Circuit's holding in *International Energy Ventures Management, L.L.C.*, the Court dismisses the actions against Jordan and Makamson without prejudice.

**IT IS, THEREFORE, ORDERED that the Plaintiff Jennifer Luckett's *Motion to Remand* [Docket No. 9] is DENIED.**

**IT IS FURTHER ORDERED THAT *Barry Makamson's Motion to Dismiss* [Docket No. 16] is GRANTED and he is DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED THAT Plaintiff Luckett's action against Wilbur Jordan is DISMISSED WITHOUT PREJUDICE**

**IT IS FURTHER ORDERED THAT *Allstate Indemnity Company's Alternative Motion to Enjoin* the state court proceeding [Docket No. 14] is DENIED as moot.**

The parties shall promptly notify the Magistrate Judge of the entry of this order denying the Motion to Remand and shall submit a proposed order lifting the stay of the attorney conference and disclosure requirements.

**SO ORDERED THIS THE 30th DAY OF March, 2019.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT JUDGE**