UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JENNIFER LUCKETT                                                                         PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:18-CV-275-KHJ-LGI

ALLSTATE INDEMINTY COMPANY                                                     DEFENDANT

ORDER

This action is before the Court on Defendant's Motion *in Limine* [157]. For the following reasons, the Court grants this motion.

I.  Background

This case stems from a house fire in Durant, Mississippi. Plaintiff Jennifer Luckett filed a claim for benefits under an Allstate Indemnity Company ("Allstate") renter's insurance policy she purchased 17 days before the fire. After investigating, Allstate denied Luckett's claim because she materially misrepresented her status as a renter, fraudulently requested mileage reimbursement, and breached a policy condition when she failed to produce all requested documents. [143-10].

Following this denial, Luckett sued Allstate in Holmes County Circuit Court for breach of contract and bad faith breach of contract, and Allstate removed this case to this Court. [1-1]. The Court entered an order stating that it would remand the case to state court if Luckett would sign an affidavit agreeing to not seek an amount greater than $75,000, which would destroy federal diversity jurisdiction.

[1-2]. Luckett filed such an affidavit, and the Court remanded the case to state court. [1-3, 4].

Luckett then filed a second Complaint in Holmes County Circuit Court against Allstate, Barry Makamson, and Wilbur Jordan for negligence, gross negligence, breach of contract, tortious breach of contract, bad faith, and fraud. [1-5]. The facts in the second complaint are nearly identical to those in the first complaint—both complaints arise out of the same fire loss at the Castilian Springs house and cite the same renter's insurance policy. Luckett moved to dismiss in the first lawsuit, and the state court granted her request. [1-7]. Luckett then responded to Allstate's requests for admission in the second case and refused to admit she seeks less than $75,000 in damages. [1-8]. As a result, Allstate removed the second case to this Court based on federal diversity jurisdiction. [1-1]. As this Court dismissed Defendants Barry Makamson and Wilbur Jordan [24], Allstate is the only remaining Defendant.

Following discovery, Allstate moved for summary judgment, [137], and the Court granted Allstate's motion on all claims except breach of contract. [150]. Trial is set for next month. January 8, 2021 Text-Only Order. Allstate moves to exclude any evidence, testimony, or statements about Plaintiff's alleged mental or emotional distress and on punitive damages. [157, ¶ 6]. It also moves to limit Plaintiff's request for damages to the amount she submitted in her personal property claim under the Allstate renter's insurance policy.

II. Legal Standard

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-CV-129-DMB-SAA, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003)). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Id.* (quoting *Fair v. Allen*, No. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)).

III. Analysis

Allstate moves this Court to limit Plaintiff's evidence, testimony, and statements about damages to only Plaintiff's alleged property loss, which she states in her response to interrogatories is $40,000. [157-1] at Response No. 8. Luckett responds by asking the Court to reconsider its February Order granting summary judgment on certain claims because her former counsel failed to attach her application for renter's insurance showing Allstate acted in bad faith. [158]. Specifically, Luckett argues her Allstate Application for renter's insurance shows Allstate waived its right to inspect her home, so it cannot allege she concealed or misrepresented her status as a renter. *Id.* at 3. She does not otherwise respond to any of the cases Allstate cites in its motion. Allstate replies that it did not have any

3

obligation to inspect Luckett's home and that it denied Luckett's application for multiple reasons, only one of which being that she misrepresented her status as a renter.

Parties agree that the Court found Allstate had an arguable, good-faith basis in denying Luckett's renter's insurance claim. In Mississippi, an insurer who has a good-faith basis to deny an insured's claim cannot be liable for extracontractual damages such as emotional and mental anguish or punitive damages. *Hoover v. United Servs. Auto. Ass'n*, 125 So. 3d 636, 642-43 (Miss. 2013). Luckett does not dispute this principle but argues her previous counsel did not attach an exhibit to his summary judgment response showing Allstate acted in bad faith. To begin, a response to a motion in limine is not the appropriate way to raise an objection to this Court's ruling. *See generally* Fed. R. Civ. P. 60. A motion to reconsider may have been back in February, but current counsel has had over four months to raise this objection, as he appeared in this case less than two weeks after the challenged Order issued. Yet, he did not. In fairness, though, a motion to reconsider that simply rehashes previous arguments made or raises evidence the parties already possessed, rather than newly discovered, is not appropriate either.

In any event, the fact that Allstate waived an inspection before insuring the subject property does not impact the Court's decision. Luckett admitted she told Allstate that she was renting the home in question when she applied for insurance. [137-1] at 39:15-19 ("Q: Did they ask you if you were renting the house? A: They did. Q: And what was your response? A: Yes."). The Court relied on this admission in

4

finding that Allstate had a good-faith basis in denying Luckett's insurance claim, and it need not revisit this finding based on information in her application.

Because an insurer who has an arguable, good-faith basis to deny an insured's claim cannot be liable for damages for emotional or mental anguish or for punitive damages, and the Court has already found Allstate had such a basis for denying Luckett's claim, it precludes Luckett from presenting any evidence, testimony, or statements about extracontractual damages. And because Luckett stated in her Responses to Interrogatories that she is only seeking $40,000 in personal property damage and presents no evidence to the contrary (or even refute that this is the amount she seeks), the Court limits her request for damages to this amount.

IV.     Conclusion

This Court has considered all arguments. Those it does not explicitly address in this Order would not have changed the outcome. For the reasons stated, the Court GRANTS Allstate's Motion *in Limine* [157].

SO ORDERED AND ADJUDGED this the 7th day of July, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE